UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

MATTER OF TINDALL AND            Petition #12-55836
COMPANY, P.C.,            JUDGE RHODES
A Michigan Professional Corp.

_____/

MICHAEL E. TINDALL (P-29090)
Attorney For Debtor
P.O. Box 46564
Mount Clemens, MI 48046
(313) 638-7613

FRED H. FREEMAN (P-24734)
Attorney for DOABA TRUCK STOP, INC.
A Michigan Corporation. ISHTADEV RATHORE
HARMINDER RATHOREand other interested parties
 as claimants, etc.
30500 Northwestern Highway, Suite 500
Farmington Hills, Michigan 48334
(248) 865-0505
_____/


**DOABA TRUCK STOP, INC, ISHTADEV RATHORE
AND HARMINDER RATHORE'S REQUEST FOR
SANCTIONS UNDER BANKRUPTCY RULE 9011
AGAINST ATTORNEY MARK CHABAN
AND MICHAEL TINDALL**

NOW COME the above named petitioners, by and through their attorney,

FRED H. FREEMAN, and state unto this Honorable Court as follows:

1. That Judge John Foster of the Macomb County Circuit Court

    scheduled a hearing on the amount of sanctions to be assessed

against Debtor, its attorney, MICHAEL TINDALL, and MARK CHABAN, P.C., a party plaintiff, for July 3, 2012 at 1:00 p.m.

2. That on July 2, 2012, contrary to the bankruptcy code, MICHAEL TINDALL, who is both a licensed attorney as well as the president of the Debtor corporation, filed a Chapter 11 proceeding on behalf of the Debtor corporation in order to stop the sanctions hearing that was set for the next day, July 3, 2012.  He failed to hire independent counsel as the law requires.  This court made this clear at the July 23, 2012 hearing.

3. That upon information and belief, Attorney Mark Chaban filed a notice of removal and served upon Judge Foster's office at about 10:00 a.m. on July 3, 2012, Doc #7

4. That Mr. Chaban served FRED H. FREEMAN with a copy of the notice of removal by on July 3, 2012 at approximately 10:30 a.m.

5. That as a result of these actions, the thrice adjourned sanctions hearing was cancelled once again by Judge Foster.

6. That the notice of removal was both illegal and contrary to the bankruptcy code for the following reasons:

    A.  That Debtor never filed an adversary proceeding in the Bankruptcy Court and paid the fee.  The notice of removal should have been an adversary proceeding with the appropriate fee paid by the debtor prior to serving it upon the Macomb County Circuit Courty.  Therefore, the notice was illegal.

B. That the entire Chapter 11 proceeding, upon which the notice of removal was based, violated the bankruptcy code for the reason that the corporate debtor was not represented by independent counsel and there was also no application for authorization to hire counsel, as is required by 11 U.S.C. 327 (a).

7. That notwithstanding these illegal actions, the Debtor and Attorneys Chaban and Tindall, did achieve what they were seeking, which was to stop the sanctions hearing in the Macomb County Circuit Court to Petitioner's detriment.

8. That the Petitioners have incurred still more attorney fees because their attorney, FRED H. FREEMAN, had to research, draft and argue a motion for abstention on July 23, 2012.

9. That additionally, on July 25, 2012, counsel for petitioners was informed by Judge Foster's clerk that he will have to file and argue a new circuit court motion in order to obtain a new date for the sanctions hearing, which will result in additional attorney fees to be incurred by the Petitioner. This is one objective of the Debtor and attorneys Chaban and Tindall.

10. That the actions of both Mr. Chaban and Mr. Tindall violated Bankruptcy Rule 9011 in the following particulars:

    A. That both of the above stated pleadings are designed to harass, cause unnecessary delay and needlessly increase litigation costs in both the Macomb County Circuit Court and the U.S. Bankruptcy Court. The reason is that they violated the bankruptcy law on two occasions and were filed simply to unjustifiably delay a sanctions

hearing.  In that regard, they were successful to the
detriment of the Petitioners herein.

B. That the two above stated pleadings, the bankruptcy filing
and notice of removal, were not warranted by existing law
or a non frivolous argument to change or modify existing l
law.  Again, these pleadings did not comply with the
bankruptcy law, just as an attorney who fails to disclose
or improperly collects a fee violates the law and
must disgorge.

11. That as a direct result of the above stated illegal actions by the two attorneys, Petitioner has incurred legal fees in the amount of approximately $2,500,00 as indicated by the attached time records.  The attached time records only state $2,200 in fees, but there will be a status conference and a 341hearing which are scheduled to be conducted within the next  two weeks.  Petitioners' counsel will have to attend these hearing in order to properly represent his clients.

12.  That the filing of the petition violated Rule 9011 and there is no 21 day request to withdraw rule under 9011 (c-1)

13. That there was no time to request that the attorneys withdraw the offensive pleadings within 21 days because the damage was incurred by Petitioners when the Macomb County sanctions hearing was stopped due to service of the illegal notice of removal.

**WHEREFORE,** Petitioners pray that this Court award them attorney fees against Attorneys MARK CHABAN and MICHAEL TINDALL as well as Debtor TINDALL AND COMPANY, P.C. in the amount of $2,500.00 or whatever figure that this Court deems appropriate.

           /s/   FRED H. FREEMAN  
FRED H. FREEMAN (P-24734)  
Attorney for Debtors  
30500 Northwestern Highway, Suite 500  
Farmington Hills, Michigan 48334  
(248) 865-0505  

Dated: July 26, 2012